Oluwale v. Holder

BIA
A072 582 335

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand thirteen.

PRESENT:
> GUIDO CALABRESI,
> REENA RAGGI,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

JOHNSON KELECHI OLUWALE,
> *Petitioner,*

v.                                              11-4806
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Judith L. Wood, Los Angeles,
                           California.

FOR RESPONDENT:            Stuart F. Delery, Acting Assistant
                           Attorney General; Holly M. Smith,
                           Senior Litigation Counsel; Remi Da
                           Rocha-Afodu, Attorney, Office of
                           Immigration Litigation, United
                           States Department of Justice,
                           Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Johnson Kelechi Oluwale, a native and citizen of Nigeria, seeks review of a November 4, 2011, decision of the BIA denying his motion to reopen. *In re Johnson Kelechi Oluwale*, No. A072 582 335 (B.I.A. Nov. 4, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Oluwale's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen, generally no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Oluwale's 2011 motion was untimely, as the final administrative order was issued in 2004. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The time limitation does not apply to a motion to reopen if it is "based on changed circumstances arising in the country of

nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).  However, we find no basis to reverse in the BIA's conclusion that Oluwale failed to establish a material change in conditions arising in Nigeria since the time of his 2003 merits hearing.

Oluwale argues that he demonstrated that there was a material increase in sectarian violence following the 2011 election of Christian presidential candidate Goodluck Jonathan.  Although two articles he submitted state that Muslim factions killed hundreds of Christians and destroyed Christian property and churches after the election, the 2009 report by the United States Commission on International Religious Freedom ("USCIRF") notes that there has been a "long line of violent incidents" that began in 1999 and has resulted in at least 12,000 deaths due to sectarian violence.  The same USCIRF report designated Nigeria a country of particular concern only as of 2009, but specified that this new development resulted from impatience with the Nigerian government's inaction rather than, as Oluwale

3

argues, an increase in the "ongoing" sectarian violence. Oluwale's asylum application reflects that ongoing violence, as it alleges that Muslims killed his Christian parents in 1992. Based on the reports and Oluwale's own allegations, the agency could reasonably find that Oluwale did not demonstrate a material change in the treatment of Christians in Nigeria since the time of his merits hearing in 2003. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

Because the evidence Oluwale submitted was insufficient to require a finding of a material change in country conditions, the agency did not abuse its discretion in denying his motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

4

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk